76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BARSTAD, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of the
Social Security Administration, Defendant-Appellee.
 No. 94-35987.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 11, 1996.
Decided Jan. 25, 1996.
 
 Before: NOONAN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Barstad brought this action in federal district court pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Secretary of Health and Human Services denying him disability insurance benefits. The district court affirmed. Barstad timely appealed. We affirm.
 
 I. ANALYSIS
 
 3
 A. Did the ALJ err in finding that Barstad can perform a limited range of light work and therefore err in relying on vocational expert testimony rather than relying solely on the Medical-Vocational Guidelines?
 
 
 4
 The ALJ found that Barstad can perform a limited range of light work[1] given his doctors' assessments of his ability to lift, carry, sit, stand and walk as well as his daily activities. Because he determined that Barstad could not engage in a full range of light work, the ALJ took testimony from a vocational expert ("VE"), who testified that Barstad can perform five jobs existing in substantial numbers in the national economy.
 
 
 5
 Barstad contends that because according to the ALJ's own findings he cannot perform a full range of light work,[2] the ALJ erred in failing to find that he is limited to sedentary work[3] and, therefore, erred in failing to apply the Medical-Vocational Guidelines ("the grids") set forth in 20 C.F.R. Part 404, Subpart P, Appendix 2. Barstad relies upon Social Security Ruling ("SSR") 83-12. This ruling, however, does not suggest that if a claimant is unable to perform a full range of light work he or she must necessarily be deemed able to perform only sedentary work, nor does it suggest that in this case Barstad's ability to perform light work is so reduced that the ALJ should have found him limited to sedentary work and, therefore, should have relied solely on the grids. To the contrary, a review of SSR 83-12 suggests that it is appropriate for an ALJ to find a claimant able to perform a limited range of work in a particular exertional category and to then rely on VE testimony in determining whether that claimant is disabled, as did the ALJ in this case. SSR 83-12 provides in relevant part:
 
 
 6
 2. If the exertional level falls between two rules which direct opposite conclusions, i.e., "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, consider as follows:
 
 
 7
 a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
 
 
 8
 b. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
 
 
 9
 c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, VS [vocational specialist] assistance is advisable for these types of cases.
 
 
 10
 * * *
 
 
 11
 A VS can assess the effect of any limitation on the range of work at issue (e.g., the potential occupational base); advise whether the impaired person's RFC permits him or her to perform substantial numbers of occupations within the range of work at issue; identify jobs which are within the RFC, if they exist; and provide a statement of the incidence of such jobs in the region in which the person lives or in several regions of the country.
 
 
 12
 (emphasis added).
 
 
 13
 Furthermore, the regulations recognize that there will be instances where a claimant's residual functional capacity will not fit precisely within one of the exertional categories of work as defined by the regulations, in which case the grids are not determinative of the claimant's ability to perform substantial gainful employment in the national economy. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(d) provides in relevant part:
 
 
 14
 The correct disability decision ... is found by then locating the individual's specific vocational profile. If an individual's specific profile is not listed within this appendix 2, a conclusion of disabled or not disabled is not directed. Thus, for example, an individual's ability to engage in substantial gainful work where his or her residual capacity falls between the ranges of work indicated in the rules (e.g. the individual who can perform more than light but less than medium work), is decided on the basis of the principles and definitions in the regulations, giving consideration to the rules for specific case situations in this appendix 2.
 
 
 15
 Finally, Barstad's argument is foreclosed by Ninth Circuit case law recognizing that it is appropriate for a claimant to be found capable of performing a limited range of work in a particular exertional category, in which case the ALJ may not rely solely on the grids. See, e.g. Cooper v. Sullivan, 880 F.2d 1152, 1156-7 n. 10 (9th Cir.1989) (because claimant was not capable of engaging in the full range of medium work, the ALJ could not rely solely on the grids to direct a finding of not disabled); Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1988); Jones v. Heckler, 760 F.2d 993, 998 (9th Cir.1985).
 
 
 16
 Barstad also contends that the ALJ's determination that he can perform a limited range of light work is not supported by substantial evidence. In particular, Barstad challenges the ALJ's reliance on his work activity during 1990, the fact that he rode a tractor once in 1992 and his daily activities. However, even if we were to follow Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988), and hold that evidence that a claimant engages in limited activities does not establish the claimant's ability to engage in light or sedentary work activity, the ALJ's determination regarding Barstad's residual functional capacity is fully supported by the medical evidence in the record.
 
 
 17
 Finally, Barstad contends that (1) the ALJ should have specifically determined whether the reduction in the range of light work available to him so eroded his occupational base that his exertional level should be defined as sedentary and (2) this determination should have been made prior to consulting the VE. We disagree. As is clear from SSR 83-12, having determined that the range of light work Barstad can perform is limited, the ALJ properly departed from the grids and relied upon the VE in order to determine Barstad's potential occupational base.
 
 
 18
 B. Is the VE's testimony that Barstad can perform jobs existing in the national economy substantial evidence in support of the ALJ's decision?
 
 
 19
 Barstad contends that the VE's testimony that he can perform jobs existing in the national economy does not constitute substantial evidence in support of the ALJ's decision because the vocational expert erroneously found that Barstad has transferable skills. We need not determine whether the VE erred in finding that Barstad has transferable skills because the VE identified two unskilled jobs that Barstad can perform.[4] The VE's opinion that Barstad can perform two unskilled jobs is substantial evidence in support of the ALJ's decision that Barstad is not disabled.[5]
 
 II. CONCLUSION
 
 20
 The ALJ's finding that Barstad can engage in a limited range of light work is supported by substantial evidence, and, therefore, the ALJ properly relied upon VE testimony in determining whether Barstad is disabled. Regardless of whether the ALJ erred in finding that Barstad has transferable skills, the vocational expert identified two unskilled positions that Barstad can perform. Consequently, the ALJ's determination that Barstad can perform other work existing in the national economy is supported by substantial evidence.
 
 
 21
 AFFIRMED.
 
 
 
 *
 Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, in accordance with P.L. 103-296, the Social Security Independence and Program Improvements Act of 1994, and pursuant to Federal Rule of Appellate Procedure 43(c)(1). Because the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to defendant as "the Secretary" throughout this opinion for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [1]
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). A job will be classified as light work even though the weight lifted may be little "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." Id
 
 
 [2]
 To be considered capable of performing a full or wide range of light work, a claimant must be able to do "substantially all of these activities." 20 C.F.R. § 404.1567(b)
 
 
 [3]
 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles such as files, ledgers, and small tools. 20 C.F.R. § 404.1567(a). A sedentary job is defined as one that involves sitting, but a certain amount of standing and walking are often necessary. Id
 
 
 [4]
 Although Barstad contends in his reply that he is unable to perform the unskilled job of surveillance monitor because of his visual defects as well as his restrictions on sitting and dysthymia, the VE was aware of these limitations when he gave his recommendation
 
 
 [5]
 Contrary to Barstad's contention, the Secretary can demonstrate that Barstad is not disabled by identifying unskilled jobs he can perform. Terry v. Sullivan, 903 F.2d 1273 (9th Cir.1990), is distinguishable because, unlike Barstad, the claimant in that case was of "advanced age." Under the regulations the Secretary cannot demonstrate that a claimant of advanced age is not disabled by identifying unskilled jobs the claimant can perform. Id. at 1277